UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA KENDRICK, individually, and as successor in interest to her now deceased husband, GARY KENDRICK,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; SAN DIEGO COUNTY SHERIFF'S DEPARTMENT; San Diego Sheriff WILLIAM GORE; San Diego Sheriff's Deputy STEVEN BLOCK; and DOES 1 through 50,<br><br>Defendants. | Case No.: 15cv2615-GPC(AGS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR CHUMAN CERTIFICATION** |

Before the Court is Plaintiff's motion for *Chuman*[1] certification. (Dkt. No. 102.) Defendants filed an opposition. (Dkt. No. 104.) Plaintiff filed a reply. (Dkt. No. 105.) After a review of the briefs, and the applicable law, the Court DENIES Plaintiff's motion for *Chuman* certification.

/ / / /

---

[1] Chuman v. Wright, 960 F.2d 104 (9th Cir. 1991).

**Background**

This 42 U.S.C. § 1983 action alleges numerous causes of action arising out of the shooting death of Gary Kendrick by Deputy Steven Block and the subsequent alleged seizure of Gary's wife, Cynthia Kendrick by Lieutenant Brown-Lisk, Detective Barnes, Detective Hillen, Sergeant Lopez, Deputy Norie, Deputy Collis and Deputy Worthington. (Dkt. No. 61.)

On March 14, 2018, the Court granted in part and denied in part Defendants' motion for summary judgment. (Dkt. No. 85.) Relevant to the instant *Chuman* motion, the Court denied Defendants' motion based on qualified immunity. (Id. at 24-31.[2])

On the first prong of the qualified immunity analysis, the Court concluded that based on the facts alleged by Plaintiff, "Deputy Block acted unreasonably and violated Gary's constitutional right to be free from excessive force", (id. at 26), and that the seven individual Defendants acted unreasonably and violated Cynthia's constitutional right to be free from an unreasonable seizure. (Id.)

On the second prong as to whether the constitutional right was clearly established at the time of the challenged conduct, the Court held that as to Deputy Block, "it was clearly established that shooting Gary with his arms outstretched and parallel to the ground with a shotgun in one hand and a liquor bottle in the other hand, without any further movements or gestures, was a violation of Gary's Fourth Amendment rights to be free from excessive force" under George v. Morris, 736 F.3d 829 (9th Cir. 2013). (Id. at 30.) As to the claim for unreasonable seizure of Cynthia by the seven individual Defendants, the Court concluded that under Maxwell v. Cnty. of San Diego, 708 F.3d 1075 (9th Cir. 2013), it was clearly established that detaining, separating and interrogating Cynthia for hours was a violation of her Fourth Amendment right against unreasonable seizure. (Id. at 30-31.)

---

[2] Page numbers are based on the CM/ECF pagination.

On April 11, 2018, Defendants filed a notice of appeal of the Court's order on summary judgment. (Dkt. No. 97.) On May 9, 2018, the Court granted the parties' joint motion to vacate all remaining pre-trial dates pending the outcome of Defendants' interlocutory appeal. (Dkt. Nos. 100, 101.) The Court also stayed the case for administrative purposes. (Dkt. No. 101.) On May 11, 2018, Plaintiff filed a motion for Chuman certification seeking a ruling that the interlocutory appeal is frivolous, that the Court retain jurisdiction over the entire action and proceed with trial. (Dkt. No. 102.) Defendants oppose.

## Discussion

The United States Supreme Court has recognized a narrow exception that allows an interlocutory appeal of a denial of summary judgment based on qualified immunity. Mitchell v. Forsyth, 472 U.S. 511, 530 (1985). An appeal of an order denying qualified immunity "normally divests the district court of jurisdiction to proceed with trial[;]" however, under the Ninth Circuit;s decision in Chuman v. Wright, 960 F.2d 104, 105 (9th Cir. 1992), a district court "may certify the appeal as frivolous and may then proceed with trial[.]" Padgett v. Wright, 587 F.3d 983, 985 (9th Cir. 2009) (citing Mitchell, 472 U.S. at 530). Under Chuman, "[s]hould the district court find that the defendants' claim of qualified immunity is frivolous," it "may certify, in writing, that defendants have forfeited their right to pretrial appeal, and may proceed with trial." Chuman, 960 F.2d at 105. If a district court certifies an appeal as frivolous, the defendant may then apply to the Ninth Circuit for a discretionary stay. Id. at 105 n.1.

"An appeal is frivolous if it is wholly without merit." United States v. Kitsap Physicians Serv., 314 F.3d 995, 1003 n. 3 (9th Cir. 2002) (quoting Amwest Mortgage Corp. v. Grady, 925 F.2d 1162, 1165 (9th Cir. 1991)). A qualified immunity claim is frivolous if it "is unfounded, so baseless that it does not invoke appellate jurisdiction." Marks v. Clarke, 102 F.3d 1012, 1017 n.8 (9th Cir. 1996) (citation omitted). An appeal of qualified immunity defense may not be made based on whether there are genuine issues of material fact at issue. Rodriguez v. Cnty. of Los Angeles, 891 F.3d 776, 791

(9th Cir. 2018) (an appellate court has jurisdiction "over issues that do not require resolution of factual disputes, including in cases where officers argue that they have qualified immunity, assuming the facts most favorable to the plaintiff."); Adams v. Speers, 473 F.3d 989, 990-91 (9th Cir. 2007) (the defendant "can make an interlocutory appeal from the ruling on immunity only if he accepts as undisputed the facts presented by the appellees")).

Plaintiff argues that as to Deputy Block, Defendants' appeal is frivolous as the Court properly denied qualified immunity based on clearly established law under George v. Morris, 736 F.3d 829 (9th Cir. 2013). As to the unreasonable seizure claim by Cynthia, Plaintiff argues that the case of Maxwell v. Cnty. of San Diego, 708 F.3d 1075 (9th Cir. 2013) put the individual defendants on notice that their actions would violate the Fourth Amendment.

Defendants do not substantively challenge the denial of qualified immunity as to Deputy Block. Instead, they primarily argue that the Court's order on qualified immunity as to the seven individual Defendant deputies and detectives who conducted an investigation after the incident are entitled to a separate determination that the law governing their actions was clearly established. They assert that the Court failed to consider the action of each person individually based on the facts known to each of them so it was "obvious to all reasonable governmental actors, in the defendant's place, that what he is doing violates the federal law." (Dkt. No. 104 at 2.) They argue that the seven deputies accused of an unlawful detention all acted based on different information and at different times. (Id. at 3.) In reply, Plaintiff argues that Defendants' argument is a red herring as their argument relates to the sufficiency of the evidence and not a legal issue falling within the appellate court's limited jurisdiction to hear an interlocutory appeal challenging a denial of qualified immunity.

When a defendant raises the defense of qualified immunity, the plaintiff bears the burden of showing that the right allegedly violated was clearly established. Isayeva v. Sacramento Sheriff's Dep't., 872 F.3d 938, 946 (9th Cir. 2017). To be clearly

established, "'existing precedent must have placed the statutory or constitutional question beyond debate' although there need not be a "'case directly on point.'" White v. Pauly, 137 S. Ct. 548, 551 (2017) (quoting Mullenix v. Luna, 136 S. Ct. 305, 308 (2015)). "An officer 'cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in his shoes would have understood that he was violating it . . . .'" City & Cnty. of San Francisco v. Sheehan, 135 S. Ct. 1765, 1774 (2015) (quoting Plumhoff v. Rickard, 134 S. Ct. 2012, 2023 (2014)). Courts must not define "clearly established law at a high level of generality." Ashcroft v. al-Kidd, 563 U.S. 731, 742 (2011). Instead, "the clearly established law must be 'particularized' to the facts of the case." White, 137 S. Ct. at 552 (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)).

In White, an officer met two women at an off ramp after they called 911 to report Daniel Pauly as a "drunk driver" who was "swerving all crazy." Id. at 549. Two additional officers arrived after the women left. Id. While the officers agreed that there was no probable cause to arrest Daniel Pauly, they decided to speak with him to get his side of the story and find out if he was intoxicated. Id. White, the third officer, stayed behind at the off-ramp in case Daniel returned. Id.

The two officers the approached Daniel's home and parked their cars without any flashing lights. Id. The officers saw lights on in the second house behind the first house and walked to that house. Id. They used their flashlights intermittently, and upon reaching the house, saw Daniel Pauly's vehicle, and saw Daniel and his brother, Samuel Pauly, moving around inside the home. Id. The officers radioed White to join them. Id.

The Pauly brothers became aware of the presence of the officers and shouted out to inquire who they were. Id. The officers yelled back but the brothers did not hear the officers identify themselves as state police. Id. at 550. Instead, they heard someone yelling "We're coming in. We're coming in." Id.

White parked at the first house and started walking up when he heard shouting from the second house. Id. He arrived as he heard one of the Pauly brothers say "We

have guns." Id. White drew his gun and took cover. Id. Daniel fired two shots, and then Samuel pointed a handgun in White's direction. Id. One of the officers fired at Samuel but missed and then White shot and killed Samuel. Id.

The Court held that Officer White who shot the victim did not violate a clearly established right. Id. at 552. While the appellate court recognized the facts in the case were unique due to Officer White's late arrival on the scene, it nonetheless held that the law was clearly established at the time of Samuel's death that a "reasonable officer in White's position would believe that a warning was required despite the threat of serious harm." Id. at 551-52. Disagreeing with the appellate court, the Court explained that "[c]learly established federal law does not prohibit a reasonable officer who arrives late to an ongoing police action in circumstances like this from assuming that proper procedures, such as officer identification, have already been followed. No settled Fourth Amendment principle requires that officer to second-guess the earlier steps already taken by his or her fellow officers in instances like the one White confronted here." Id. The lower courts erred erred by failing "to identify a case where an officer acting under similar circumstances as [Defendants were] held to have violated the Fourth Amendment." Id. at 552.

In a § 1983 action where individual civil liability is at issue, an officer can be held subject to personal liability "only for his or her own knowledge." Ingram v. City of Los Angeles, 418 F. Supp. 2d 1182, 1190 (C.D. Cal. 2006) (citing United States v. Hensley, 469 U.S. 221, 232 (1985)). In a subsequent decision in *Chuman*, the Ninth Circuit rejected the "team effort" theory that the trial judge instructed to the jury allowing the jury to lump the defendants together, rather than requiring the jury to make a determination as to each individual's liability. Chuman v. Wright, 76 F.3d 292, 295 (9th Cir. 1996) (jury instruction error where "team effort" theory improperly removes individual liability and "allows a jury to find a defendant liable on the ground that even if the defendant had not role in the unlawful conduct, he would nonetheless be guilty if the conduct was the result of a 'team effort.'").

Here, in her opposition to Defendants' summary judgment motion, Plaintiff cited to Maxwell to argue that the law was clearly established that officers cannot detain, separate and interrogate the plaintiff for hours where there was no probable cause, no reasonable suspicion of a crime, no detention incident to a search and it was not to prevent the destruction of evidence. Id. at 1084-85. In Maxwell, while the specific issue of an individual inquiry as to each officer was not raised, the Ninth Circuit did not conduct an analysis as to each individual Sheriff's deputy but lumped them in together as "Sheriff's officers." 708 F.3d at 1081, 1084 ("We conclude that the Sheriff's officers were on notice that they could not detain, separate, and interrogate the Maxwells for hours.").

The Court recognizes that clearly established law must be particularized to the facts of each individual defendant. See White, 137 S. Ct. at 552. However, officers in the subsequent chain of the alleged seizure may also rely on the conduct of prior officers that proper procedures were followed. Id. Therefore, as to the seven individual defendants on the unreasonable seizure claim by Cynthia Kendrick, the Court concludes the appeal is not frivolous and declines to certify it as such under *Chuman*.

On the issue of excessive force by Deputy Block, the Court disagrees with Defendants and concludes it is clearly established by the Ninth Circuit ruling in George v. Morris, 736 F.3d 829 (9th Cir. 2013) that Deputy Block's conduct, relying on Plaintiff's version of the facts, was a violation of the Fourth Amendment. Therefore, Defendants' appeal of the qualified immunity ruling concerning Deputy Block is frivolous.

Because the facts underlying the qualified immunity analyses are intertwined as to all the Defendants, the case will be stayed pending resolution of the interlocutory appeal in order to conserve judicial resources.

/ / / /

/ / / /

**Conclusion**

Based on the reasoning above, the Court DENIES Plaintiff's motion for *Chuman* certification. The Court continues the STAY of the case in its entirety pending a ruling on Defendants' interlocutory appeal. The hearing set on July 13, 2018 shall be **vacated.**

IT IS SO ORDERED.

Dated: July 10, 2018

Hon. Gonzalo P. Curiel
United States District Judge